IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK CULLER<br>5020 PARRISH STREET<br>PHILADELPHIA, PA 19139<br>PLAINTIFF, | : CIVIL ACTION NO. |
| V. | : |
| CITY OF PHILADELPHIA POLICE<br>OFFICER JAMES ANDERSON AND<br>CURRENTLY UNKNOWN AND<br>UNAMED CITY OF PHILADELPHIA<br>POLICE OFFICERS AND<br>CURRENTLY UNKNOWN AND<br>UNNAMED CITY OF PHILADELPHIA<br>DEPARTMENT OF PRISONS'<br>EMPLOYEES<br>C/O CITY OF PHILADELPHIA<br>LAW DEPARTMENT<br>1515 ARCH STREET<br>PHILADELPHIA, PA 19102<br>DEFENDANTS. | : |

COMPLAINT

1. This action is brought pursuant to 42 U.S.C. S 1983, the 4th and 14th Amendments to the United States Constitution. Jurisdiction is based on 28 U.S.C. S 1331 and 1343 (1) (3) (4) and the aforementioned statutory
2. this Court to hear and adjudicate his state law claims pursuant to 28 U.S.C. S 1367 (a).

## VENUE

3. Venue is appropriate in the United States District Court for the Eastern District of Pennsylvania because the actions giving rise to this Complaint occurred in the City of Philadelphia.

## PARTIES

4. The plaintiff, Mark Culler, (from hereinafter, "the plaintiff") is an adult citizen and resident of Philadelphia, PA, who has an address as indicated in the caption above.

5. The defendants, Police Officer James Anderson, the currently unknown and unnamed City of Philadelphia Police Officers and the currently unknown and unnamed City of Philadelphia Department of Prisons' Employees, are employees of the City of Philadelphia, who all have an address that is indicated in the caption above; at all times relevant to the averments in this complaint, the aforementioned defendants were acting within the scope of their respective duties and were acting under color of state law, and they are all being sued in their respective individual capacities.

## FACTUAL ALLEGATIONS

6. On September 5, 2024, the plaintiff was stopped and arrested by approximately six to eight City of Philadelphia police officers at/near 50th Street and Haverford Avenue, in Philadelphia.

7. The plaintiff had not committed any crime on/around September 5, 2024, or any crime at all that justified his arrest on that date; the defendant police officers did not have probable cause to arrest the plaintiff.

8. The defendant police officers who arrested the plaintiff on September 5, 2024, used excessive force to arrest the plaintiff, who was not resisting arrest, including that they intentionally twisted his hands and arms to arrest him, resulting in significant pain to the plaintiff, for which he complained to them that he was in pain; the plaintiff felt and heard a popping noise in his wrist from being handcuffed; the handcuffs were too tight.

9. The defendant police officers also forcefully manipulated the plaintiff's finger – he was not resisting arrest.

10. Multiple of the defendant police officers called the plaintiff, a "woman beater", and stated other derogatory things to and about him in public - the plaintiff is not a "woman beater", nor had he committed such

violence; defendant police officers picked the plaintiff up after handcuffing him and the plaintiff felt one of them touch his backside, to which he stated words to the effect, not to touch his buttocks; While the plaintiff was in the police vehicle awaiting transport, he was having difficulty breathing, as it was extremely hot in the car.

11. A supervisory police officer ("a white shirt") who was at the scene, told police officers who had ignored the plaintiff's request that they roll down the windows to do so and that officer told them not to treat the plaintiff in the manner they were.

12. The plaintiff told the "white shirt" police officer that he was in pain, that his wrist hurt from defendant police officers twisting it and the "white shirt" told officers to take the plaintiff to the hospital.

13. The plaintiff was taken to Mercy Hospital, where he was told by medical staff that his wrist was bruised and swollen and he was given an x-ray.

14. After the plaintiff was discharged from the hospital, defendant police officers mocked him, telling him that he did not have enough money for bail and that he would be in jail for a long time; defendant

police officers transported the plaintiff the police district at 51st Street and Pine Street, where he had to appear before a Judge, at which time the plaintiff was told what the criminal charges against him were – the plaintiff recalls language about a gun charge and a domestic violence charge.

15. The plaintiff was charged with Aggravated Assault (18 Pa. C.S.A. S 2702), Burglary (18 Pa. C.S.A. S 3502), Strangulation (18 Pa. C.S.A. S 2718), Criminal Trespass (18 Pa. C.S.A. S 3503, Simple Assault (18 Pa. C.S.A. S 2701, Recklessly Endangering Another Person (18 Pa. Pa. C.S.A. S 2705), Criminal Mischief (18 Pa. C.S.A. S 3304) and illegal possession of a gun.
16. The plaintiff was subsequently transported to the City of Philadelphia Department of Prisons at CFCF; and he was given bail in the amount of $75,000.00 (seventy-five thousand dollars).
17. The plaintiff was incarcerated for more than thirty days and he was released after posting bail in the amount of $3,500.00.
18. While he was at CFCF, the plaintiff experienced that correctional officers (defendants) treated him very poorly, including that they would disconnect his telephone calls with his family before his time

was up, and they would hold him in a multipurpose room with poor living conditions; these poor living conditions resulted in the plaintiff experiencing severe headaches and a feeling as if he was going to pass out, for which the plaintiff submitted a sick-call request, which defendant correctional officers rejected – the plaintiff was not allowed to see a doctor while he was at CFCF.

19. The plaintiff was attacked by four other inmates at CFCF, one of whom appeared to have a "shank" – Correctional Officers had to stop the attack.

20. After posting bail and leaving CFCF, the plaintiff was placed on house arrest, which prohibited the plaintiff from leaving the house and from working; the plaintiff had to obtain a Court order, to be allowed to leave the house to work – the plaintiff was/is a business owner (painting and flooring); while he was incarcerated and while he was not allowed to leave his residence, he lost significant business.

21. After the Court order referred to above, the plaintiff was still only allowed to work from approximately 9 a.m. until 3 p.m. and he was not able to travel freely outside of Philadelphia, which

resulted in him losing work opportunities, including a flooring job which was worth approximately $10, 000.00 (ten thousand dollars).

22. As a result of his arrest, subsequent criminal prosecution and incarceration, the plaintiff lost his company vehicle; he was not able to see his children regularly, as he normally would, and his fiancée would have to travel from Oklahoma to Philadelphia to handle his affairs, that he was unable to, due to incarceration and house arrest.

23. The plaintiff had to attend multiple Court hearings during his prosecutions, approximately 11.

24. The plaintiff was prosecuted for two separate cases with docket numbers MC-51-CR-0017498-2024 and MC-51-CR-0017499-2024; the first of which was for a gun possession charge (he was alleged to have stolen and possessed his former girlfriend's gun) and the second set of charges are those listed in paragraph 15 above.

25. The gun possession related charges against the plaintiff were dismissed on/around November 13, 2024, and the other set of criminal charges were dismissed against him in/around March 2025.

26. The plaintiff did not commit any of the crimes he was charged with,

nor did the defendants have probable cause to arrest him or have him prosecuted for any crime, which they knew; the defendant police officers intentionally failed to properly investigate the crimes that the plaintiff was charged with, both before his arrest and thereafter; those defendant police officers knew that there was not probable cause for the charges against the plaintiff, after his prosecution commenced, however, they refused to communicate this knowledge to the Philadelphia District Attorney's Office.

26. As a result of his false arrest and malicious prosecution, the plaintiff suffered pecuniary loss and severe emotional distress.

27. As a result of his subjection to excessive force during his arrest, the plaintiff suffered severe pain and suffering and severe emotional distress.

28. As a result of his intentional mistreatment by defendant correctional officers at CFCF, and their failure to protect him in prison, the plaintiff suffered severe emotional distress.

29. Defendant Correctional Officers deliberately refused to provide the plaintiff with needed and requested medical attention, which resulted in

the plaintiff experiencing severe pain and suffering, and severe emotional distress.

30. The plaintiff was arrested in public on the street and persons passing by perceived that he had committed some serious crime as a result of the violent manner that the plaintiff was being arrested, and the extreme number of police officers involved, which falsely depicted that the plaintiff had committed such a serious crime.

31. The defendant police officers unnecessary and violent force against the plaintiff, while they were arresting him, amounted to a battery.

FIRST CAUSE OF ACTION – FALSE ARREST IN VIOLATION OF 42 U.S.C. SECTION 1983 AND THE 4TH AMENDMENT AS TO DEFENDANT POLICE OFFICER JAMES ANDERSON AND THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADELPHIA POLICE OFFICERS

32. The plaintiff incorporates paragraphs 1-31 above as though fully set forth herein.

33. Defendant Police Officer James Anderson and the currently unknown and unnamed defendant police officers arrested/seized the plaintiff with the knowledge that they lacked probable cause to do so, in violation of Section 1983 and the 4th Amendment.

33. The plaintiff had not committed any crime; the defendant police

officers intentionally failed to properly investigate the alleged crimes for which they arrested the plaintiff; their actions resulted in the plaintiff suffering the harms summarized above; the defendants' actions against the plaintiff were done maliciously.

WHEREFORE, the plaintiff requests judgment against the defendant Anderson and the defendant currently unknown and unnamed City of Philadelphia police officers, jointly and severally, and he requests the following relief:

a. Compensatory damages;
b. Punitive damages;
c. Reasonable attorney's fees and costs;
d. Any other relief the Court deems appropriate.

SECOND CAUSE OF ACTION - MALICIOUS PROSECUTION IN VIOLATION OF 42 U.S.C. S 1983 AND THE 4TH AMENDMENT TO THE CONSTITUION AS TO DEFENDANTS POLICE OFFICER JAMES ANDERSON AND THE CURRENTLY UKNOWN AND UNNAMED CITY OF PHILADELPHIA POLICE OFFICERS

34. The plaintiff incorporates paragraphs 1-33 above as though fully set forth herein.

35. The police defendants' arrest of the plaintiff led to his subsequent

prosecutions from around September 6, 2024, until around November 13, 2024, and from around September 2024, until around March 2025; the police defendant knew during the entire length of both prosecutions that probable cause did not exist for the plaintiff's prosecutions, however, they all intentionally and maliciously failed to inform the Philadelphia District Attorney Office of such fact; this malicious prosecution caused the plaintiff to suffer the harm summarized above, including being incarcerated and then placed on house arrest, which was detrimental to the plaintiff's livelihood and his physical and mental well-being.

WHEREFORE, the plaintiff requests judgment in his favor jointly and severally against the defendants and he requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs;

d. Any other relief the Court deems appropriate.

THIRD CAUSE OF ACTION – FALSE IMPRISONMENT IN VIOLATION OF 42 U.S.C. S 1983 AND THE 4TH AMENDMENT AS TO DEFENDANT POLICE OFFICER JAMES ANDERSON AND THE CURRENTLY UNKNOWN AN UNNAMED CITY OF PHILADELPHIA POLICE OFFICERS

36. The plaintiff incorporates paragraphs 1-35 above as though fully set forth

herein

37. After the plaintiff was arrested by the defendant police officers without probable cause, he was falsely imprisoned on the street, in the back of a police vehicle and at the police district, prior to his arraignment, resulting in his harm summarized above, including that he suffered physical pain and anguish and severe emotional distress.

WHEREFORE, the plaintiff requests judgement in his favor against defendant Police Officer James Anderson and the defendants the currently unknown and unnamed City of Philadelphia police officers, jointly and severally and he requests the following relief:

a. Compensatory damages;
b. Punitive damages;
c. Reasonable attorney's fees and costs;
d. Any other relief the Court deems appropriate.

FOURTH CAUSE OF ACTION – EXCESSIVE FORCE IN VIOLATION OF 42 US.C. S 1983 AND THE 4TH AMENDMENT TO THE CONSTITUTION AS TO DEFENDANT POLICE OFFICER JAMES ANDERSON AND THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADELPHIA POLICE OFFICERS

38. The plaintiff incorporates paragraphs 1-37 above as though fully set forth

herein.

39. Defendant Police Officer Anderson and the currently unknown and unnamed defendant City of Police Officers subjected the plaintiff to excessive force on September 5, 2024, by intentionally placing handcuffs on the plaintiff too tightly, forcefully manipulating his wrists, taking him to the ground for no reason, as the plaintiff was not resisting, refusing to adjust the handcuffs after the plaintiff complained they were too tight, resulting in injury to the plaintiff's wrists and other physical pain, and also resulting in the plaintiff suffering severe emotional distress.

WHEREFORE, the plaintiff requests judgment in his favor as to the defendant Police Officer James Anderson and defendants, the currently unknown and unnamed City of Philadelphia police officers, jointly and severally and he requests the following relief:

a. Compensatory damages;
b. Punitive damages;
c. Reasonable attorney's fees and costs;
d. Any other relief the Court deems appropriate.

FIFTH CAUSE OF ACTION – DENIAL OF THE IMMEDIATE NEED FOR MEDICAL TREATMENT IN VIOLATION OF 42 U.S.C. S 1983 AND THE 14TH AMENDMENT TO THE CONSTITUTION AS TO DEFENDANTS THE

CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADELPHIA DEPARTMENT OF PRISONS' EMPLOYEES

40. The plaintiff incorporates paragraphs 1-39 above as though fully set forth herein.

41. The defendant currently unknown and unnamed City of Philadelphia Department of Prisons' Employees (Correctional Officers) intentionally denied the plaintiff immediately needed and requested medical treatment while he was incarcerated at CFCF, resulting in his physical pain and suffering and severe emotional distress.

WHEREFORE, the plaintiff requests judgment in his favor as to defendants, the currently unknown and unnamed City of Philadelphia Department of Prisons' employees and he requests the following relief:

a. Compensatory damages;
b. Punitive damages;
c. Reasonable attorney's fees and costs;
d. Any other relief the Court deems appropriate.

SIXTH CAUSE OF ACTION – SUPPLEMENTAL STATE LAW CLAIM FOR BATTERY AS TO DEFENDANT POLICE OFFICER JAMES ANDERSON AND THE CURRENTLY UNKNOWN AND UNNAMED CITY OFPHILADELPHIA POLICE OFFICERS

43. The plaintiff incorporates paragraphs 1-42 above as though fully set

forth herein.

44. At the time of his arrest defendant Police Officer Anderson and the currently unknown and unnamed City of Philadelphia police officers battered the plaintiff on September 5, 2024, by violently arresting him, by forcefully taking him down and twisting and manipulating his hands arms – the aforementioned actions were done intentionally with the purpose to cause the plaintiff physical harm which occurred; the plaintiff also experienced severe emotional distress from the defendants' actions.

WHEREFORE, the plaintiff requests judgment in his favor against defendants, Police Officer James Anderson and defendants the currently unknown and unnamed City of Philadelphia police officers, jointly and severally and he requests the following relief:

a. Compensatory damages;
b. Punitive damages.

SEVENTH CAUSE OF ACTION - SUPPLEMENTAL STATE LAW CLAIM FOR INVASION OF PRIVACY BY FALSE LIGHT PRIVACY AS TO DEFENDANT POLICE OFFICER JAMES ANDERSON AND THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADELPHIA POLICE OFFICERS

45. The plaintiff incorporates paragraphs 1-44 above as though fully set forth herein.

46. Defendant Anderson and the currently unknown and unnamed City of City of Philadelphia police officers subjected the plaintiff to invasion of privacy by false light, by violently and publicly arresting the plaintiff in the presence of multiple bystanders, which published the false impression that he had committed some serious crime(s) which warranted such conduct against him.

47. The plaintiff suffered severe emotional distress from the defendants' aforementioned summarized conduct, which was done intentionally with malice.

WHEREFORE, the plaintiff requests judgment in his favor against defendant City of Philadelphia police officer James Anderson and defendants, the currently unknown and unnamed City of Philadelphia police officers, jointly and severally and he requests the following relief.

a. Compensatory damages;

b. Punitive damages.

Respectfully submitted,

/s/ Reginald Allen, Esquire